IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TYLER SELF,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendants | CASE NO: |

# COMPLAINT

**COMES NOW,** Plaintiff, TYLER SELF, and files this Complaint for Medical Malpractice against Defendant, the United States of America and respectfully shows unto this Honorable Court the following, to wit:

INTRODUCTORY STATEMENT

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, as hereinafter more fully appears.

2. The plaintiff, Tyler Self, was suffering from high levels of creatinine while under the care of Dr. David M. Williams, MD, and Southside Medical Center, Inc. ("Southside") The failure to treat the elevated creatinine level and followed appropriate medical protocol caused Mr. Self to suffer from renal failure and must undergo dialysis for an

indefinite period of time until a suitable kidney becomes available. The plaintiff seeks damages for the negligence and medical malpractice of Defendant, including bodily injuries, medical costs, loss of earnings, and punitive damages.

3. At such time and place, David M. Williams, M.D. was an employee of the Southside and was acting within the scope of his employment.

4. Southside is a Federally Qualified Health Center ("FQHC") – a Health Center Program grantee under 42 U.S.C. §254(b). Accordingly, Southside and Dr. Williams are covered Public Health Service employees pursuant to 43 U.S.C. §233(g)-(n).

5. The Federal Tort Claims Act ("FTCA"), provides the exclusive remedy for medical malpractice by a federally funded health center and its officers, employees, and contractors that the Secretary of Health and Human Services has deemed to be an employee of the Public Health Service. 42 U.S.C. § 233(g)(1)(A).

## JURISIDCTION AND VENUE

6. This Court has subject matter jurisdiction over this action under under 28 U.S.C.§§ 1331, 1343 (federal question jurisdiction),

7. If the Defendant was a private person, it would be liable to plaintiff for his injuries as described herein, in accordance with the laws of Georgia.

8. Pursuant to 28 U.S.C.S. § 2675(a), the claim set forth herein was presented to the United States Department of Health and Human Services via an SF-95 form on September 24, 2019.

9. More than six months before this action was instituted, the claim set forth herein was presented to the Department of Health and Human Services. Said agency failed to make a final disposition of the claim within that time, plaintiff deems such failure to be a denial thereof.

10. A true and correct copy of this letter is attached as Exhibit A.

11. Venue is proper in the United States District Court for the Northern District of Georgia as all acts complained of occurred within this District.

12. Plaintiff, Tyler Self, ("Plaintiff'), is a resident of Cobb County in the State of Georgia.

13. David M. Williams, M.D. ("Dr. Williams"), is a licensed medical doctor in Georgia practicing medicine with Southside Medical Center, Inc., at 1046 Ridge Avenue SW, Atlanta, GA 30315.

14. Plaintiff was a patient of Dr. David Williams. Dr. David Williams was his primary care physician from 2015 to August 2016.

15. Plaintiff regularly saw Dr. Williams, approximately 3-4 times per year, which included yearly physicals.

16. Dr. Williams conducted physical examinations including blood testing of Plaintiff.

17. Dr. Williams was or should have been aware of Plaintiff's physical condition.

18. Dr. Williams was aware of Plaintiff's elevated creatinine level.

19. Dr. Williams failed to follow appropriate medical protocols for someone with an elevated creatinine level.

20. Dr. Williams failed to treat Plaintiff's elevated creatinine level.

21. Dr. Williams failed to follow the standard of care when he failed to treat Plaintiff's elevated creatinine level.

22. While Dr. Williams was aware that Plaintiff's creatinine level necessitated additional medical care/treatment, he never informed Plaintiff that his creatinine level was a medical concern and he never provided the necessary and/or appropriate medical care or treatment to address Plaintiff's creatinine level.

23. The insurance plan for Plaintiff's job changed, causing Plaintiff to change medical providers.

24. Plaintiff chose to seek primary care at Piedmont Hospital. Piedmont Hospital required Plaintiff to have a physical examination which included blood testing.

25. On August 22, 2016, Plaintiff had blood work done through Piedmont Hospital.

26. On August 23, 2016, Plaintiff was advised by the staff at Piedmont Hospital to go directly to the hospital due to kidney failure.

27. Plaintiff's kidneys have now failed due to the negligence of Dr. Williams and the staff at Southside.

28. Plaintiff has been on dialysis every day since his proper diagnosis, and will continue to be, short of a kidney transplant, for the rest of his life.

29. At all times material herein, Dr. Williams did not properly diagnose, treat and care for Plaintiff and did not exercise the requisite degree of care and skill as is generally employed by similar medical providers under similar circumstances.

30. At all times material herein, Dr. Williams did not exercise generally accepted medical practices and procedures.

31. At all times material herein, Dr. Williams deviated from the standard of care exercised by the medical profession generally under similar circumstances and like surrounding circumstances.

32. In particular, Dr. Williams was the Plaintiff's primary care physician from 2015 to 2016. Dr. Williams was aware that Plaintiff suffered from high blood pressure and did not implement generally

accepted medical principles, testing, or practices to adequately treatment Plaintiff, which is a deviation from the standard of care.

### COUNT I – NEGLIGENCE (MEDICAL MALPRACTICE)
### (Dr. Williams)

33. Dr. Williams failed to provide the standard of care of a reasonably prudent doctor when evaluating Plaintiff's physical condition including his creatinine level.

34. Dr. Williams and Southside Medical Care Center were aware of Plaintiff's medical condition yet failed to take any proactive steps to provide the medical standard of care of a reasonable prudent doctor, staff, nurses, nurses' assistants and the like.

35. As a result of Dr. Williams' negligence, Plaintiff suffered irreparable harm.

36. Plaintiff incorporates by reference Exhibit B attached to the Complaint as a supporting affidavit required by O.C.G.A. § 9-11-9.1 as if fully stated herein. In the affidavit, at least one act or omission of medical negligence against Defendants is set forth.

37. The Georgia Supreme Court has ruled that the state law requirement that a medical authorization be filed with the Complaint pursuant to O.C.G.A. § 9-11-9.2 is preempted by the Health Insurance

Portability and Accountability Act and is therefore unenforceable. Allen v. Wright, 282 Ga. 9 (2007).

## COUNT II – (MEDICAL MALPRACTICE)
### (Southside)

38. At all times material hereto, Dr. Williams was an agent, employee, officer, director, and/or third party vendor of Southside which controlled the time, manner, and method of the medical treatment herein.

39. At all times material hereto, Dr. Williams acted within the scope of agency and employment with Southside and/or was or should have been governed by various agreements, written policies and procedures, and protocols implemented and required by Southside and the Department of Health and Human Services.

40. At all times material hereto, Southside dictated the actions performed by Dr. Williams or failed to dictate actions that were otherwise required and, thus, are liable for the medical negligence committed by Dr. Williams.

41. At all times material hereto, the staff of Southside (where "staff of Southside" means health care providers, such as nurses, nurse practitioners, certified registered nurse anesthetists, physician assistants, and medical support staff, and/or other employees and/or

agents of Southside, including Dr. Williams), acted within the course and scope of their employment or agency such that Southside is responsible for the actions and omissions of their staff under the doctrine of respondeat superior.

42. The staff of Southside, failed to adequately and appropriately diagnose, monitor, treat, and respond to Plaintiff's symptoms and complaints in the manner set forth in the affidavit attached as Exhibit B.

43. The staff of Southside Medical Center was aware that Plaintiff had an elevated creatinine level and did not implement generally accepted medical principles, testing, or practices to adequately treat Plaintiff, which is a deviation from the standard of care. The staff of Southside Medical Center was aware that Plaintiff had an elevated creatinine level while also having high blood pressure and did not implement generally accepted medical principles, testing, or practices to adequately treatment Plaintiff, which is a deviation from the standard of care.

44. Although Dr. Williams had knowledge of the Plaintiff's elevated creatinine level he did nothing to treat it.

45. As a direct, sole, and proximate result of the recklessness, carelessness, and negligence of Dr. Williams and the staff at Southside,

the Plaintiff suffered serious, painful and permanent bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, and loss of the capacity for the enjoyment of life.

46. As a direct, sole, and proximate result of the recklessness, carelessness, and negligence of Defendant, the Plaintiff incurred medical costs and expenses in excess of $112,945.22.

47. As a direct, sole, and proximate result of the recklessness, carelessness, and negligence of Defendant, the Plaintiff has and will be precluded from engaging in normal activities and pursuits, including a loss of ability to earn money and actual earnings.

48. As a direct, sole, and proximate result of the recklessness, carelessness, and negligence of Defendant, the Plaintiff otherwise was hurt, injured and caused to sustain losses.

49. All of the Plaintiff losses were, are and will be due solely to and by reason of the recklessness, carelessness and negligence of Dr. Williams and Southside, working in their capacity as employees of the Public Health Service, a part of the Department of Health and Human Services, without any negligence or want of due care on the Plaintiff's part contributing thereto.

50. Plaintiff will have future medical care needs and expenses as a direct, sole and proximate result of the recklessness, carelessness and negligence of the Defendant.

51. The actions and omissions of Defendant as set forth herein and above demonstrate willful misconduct, fraud, malice, wantonness, oppression and that entire want of care which would raise the presumption of conscious indifferent to the consequences.

Wherefore, Plaintiff Prays as Follows:

a) For an award of special damages in the amount of $112,945.22, plus any additional special damages that have also accrued by the time this action is resolved;

b) For general damages in the amount of Ten Million Dollars ($10,000,000) for Mr. Self's general pain and suffering, loss of future earnings, and for future medical expenses related to the negligence as described in this complaint; and

c) For an award of the costs of this action (not to include attorney's fees);

d) Such other and further relief as this Court may deem just and appropriate.

Respectfully submitted this 23rd day of September, 2020.

    *s/ Charles H. Rollins*
CHARLES H. ROLLINS
COUNSEL FOR PLAINTIFF
GEORGIA BAR NO. 367169

**CHARLES H. ROLLINS, PC**
**561 GREENE ST**
**AUGUSTA, GA  30901**
**706-364-4266**
**CHARLES@ROLLINSAUGUSTA.COM**

## LR 5.1 Certification

This complaint is in 13-Point Century Schoolbook Typeset, as required by the local rule.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing and the exhibits referenced herein, are being furnished to defendant by personal service or other means of service allowable by law, this 23rd day of September 2020.


                                    *s/ Charles H. Rollins*
                                    Charles H. Rollins
                                    Counsel for Plaintiff